UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| KATHERINE WHITED, | : | |
|---|---|---|
| Plaintiff | : | CIVIL ACTION NO. 3:18-1811 |
| v. | : | (JUDGE MANNION) |
| THE NEW CAFÉ AT GREYSTONE GARDENS and DOMINIC SAADI, | : : | |
| Defendants | : | |

## MEMORANDUM

Before the court is plaintiff's motion for partial summary judgment on Count I of the complaint (Doc. 11) and defendants' motion for partial summary judgment on Count II of the complaint (Doc. 14). For the reasons stated below, plaintiff's motion for partial summary judgment will be **GRANTED IN PART AND DENIED IN PART** and defendants' motion for partial summary judgment will be **GRANTED**.

## I. PROCEDURAL HISTORY

On September 14, 2018, this case was removed from the Lackawanna County Court of Common Pleas to the Middle District of Pennsylvania by defendants. (Doc. 1). This court has jurisdiction pursuant to 28 U.S.C. §1331.

Count I of the complaint alleges that defendants, The New Café at Greystone Gardens ("New Café") and Dominic Saadi ("Saadi"), violated the Fair Labor Standards Act ("FLSA"), Pennsylvania Wage Payment and Collection Law ("WPCL") and Pennsylvania Minimum Wage Act ("MWA"). Plaintiff alleges that these violations occurred when she was forced to give Saadi 20% of her tips. Count II of the complaint alleges that defendants retaliated against plaintiff for protesting Saadi's actions in violation of the FLSA, WPCL, and MWA.

On March 20, 2019, plaintiff filed a motion for partial summary judgment (Doc. 11) and brief in support (Doc. 13) requesting summary judgment be granted in her favor on Count I of the complaint. On April 26, 2019, defendants filed a brief in opposition to plaintiff's motion (Doc. 23) and plaintiff filed a reply brief on May 7, 2019 (Doc. 27).

Also on March 20, 2019, defendants filed a motion for partial summary judgment (Doc. 14) and brief in support (Doc. 16) requesting summary judgment be granted in their favor on Count II of the complaint. Plaintiff filed a brief in opposition to defendants' motion on April 3, 2019 (Doc. 17) and defendants filed a reply brief on April 17, 2019 (Doc. 21).

## II. FACTUAL BACKGROUND

New Café is a restaurant owned by a Limited Liability Corporation ("LLC"). Saadi is the manager of the LLC, the manager at the restaurant, and has a financial interest in the restaurant. As manager at New Café, Saadi is responsible for the hiring and firing of employees, determining what employees are paid, scheduling what shifts employees work at New Café and maintaining employment records. In addition to being the manager at New Café, Saadi is the sole bartender at the restaurant.

Plaintiff Katherine Whited ("plaintiff") began employment as a server for New Café on or about April 23, 2017. Plaintiff was interviewed and hired by Saadi. During her employment, plaintiff alleges that she and other servers were forced to give a percentage of their tips, between 20 to 25%, to Saadi and they had no option to reject this request. Defendants admit that Saadi would get 20% of the tips, but respond that tips were shared by servers, bussers, and bartenders pursuant to a point system and this system was agreed to by all employees when they were hired.

While defendants admit that Saadi did not mention the words "tip credit" when discussing compensation with employees, they argue that Saadi did discuss the use of a tip pool and all employees agreed to this arrangement. Plaintiff was paid an hourly wage of $3.00, but her

compensation was between $18 to $20 per hour, once her hourly wage was supplemented by the tips she received.

Plaintiff alleges that in 2017, server Elizabeth Williams sent Saadi a text message asserting that Pennsylvania law provided that an owner should not receive a portion of tips. Defendants respond that the text from Williams claimed, but did not establish that the point system was illegal, and plaintiff continued to work pursuant to the point system for another year.

Close to the time she was fired from New Café, the plaintiff claims that she told Chef James Bolus ("Bolus"), a co-worker, that she was dissatisfied that Saadi took a portion of her earned tips. Plaintiff thinks that Bolus told Saadi about her dissatisfaction and, as a result, she was fired from her employment at New Café in August 2018. Bolus testified that the plaintiff's statement about her dissatisfaction was made to him "a long time ago" and he did not believe that he told Saadi that plaintiff was dissatisfied with the point system.

## III. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc.,477 U.S. 242, 248 (1986); Aetna Cas. & Sur. Co. v. Ericksen, 903 F. Supp. 836, 838 (M.D.Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249; *see also* Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could

find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); *see also Celotex,* 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*,139 F.3d 386, 393 (3d Cir. 1998) (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23; *Jakimas v. Hoffman-LaRoche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

The summary judgment standard does not change when the parties have filed cross-motions for summary judgment. *Applemans v. City of Phila.*,826 F.2d 214, 216 (3d Cir. 1987). When confronted with cross-motions for summary judgment, as in this case, "the court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the summary judgment standard." *Marciniak v. Prudential Financial Ins. Co. of America,*

2006 WL 1697010, at *3 (3d Cir. June 21, 2006) (citations omitted) (not precedential). If review of cross-motions reveals no genuine issue of material fact, then judgment may be entered in favor of the party deserving of judgment in light of the law and undisputed facts. *Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 302 (3d Cir. 1998) (citation omitted). *See Nationwide Mut. Ins. Co. v. Roth*, 2006 WL 3069721, at *3 (M.D. Pa. Oct. 26, 2006) aff'd, 252 Fed. App'x. 505 (3d Cir. 2007).

IV. **DISCUSSION**

   a. **Plaintiff's Motion for Partial Summary Judgment**

Plaintiff has filed a motion for partial summary judgment on the FSLA and MWA claims in Count I of the complaint arguing that the defendants illegally participated in a tip pool when Saadi took 20% of the plaintiff's tips.

The FLSA requires employees be paid a minimum wage of $7.25 per hour. 29 U.S.C. §206(a)(C). An exception exists for tipped employees. Tipped employees are defined by the act as "engaged in an occupation in which [they] customarily and regularly receive[ ] more than $30 a month in tips." 29 U.S.C. §203(t). Tipped employees are required to receive at least the minimum wage, but their employers are permitted to pay a direct hourly wage substantially below the minimum wage and then take a "tip credit" to

meet the required $7.25 per hour wage. 29 U.S.C. §203(m). An employer must inform employees of the method of payment, mainly, that they will receive a hourly wage below the minimum wage, but their hourly wage will be supplemented by their tips to reach the minimum wage of $7.25 per hour. *Id.* Section 203 also requires that all tips received by an employee be retained by the employee, but the pooling of tips among employees who customarily and regularly receive tips is not a violation of this requirement. *Id.* An employer is prohibited from participating in a tip pool. See Chung v. New Silver Palace Rest., Inc., 246 F.Supp.2d 220, 230 (S.D.N.Y. 2002).

In this case, New Café is owned by an LLC. Defendants admit that Saadi is the manager of the LLC and is also the manager of New Café. Defendants further concede that Saadi has a financial interest in New Café, he is responsible for the hiring and firing of employees, he handles how employees are paid, schedules what shifts employees work, and he keeps employment records for New Café.

Defendants cite to the economic realities test that several federal courts use to determine whether an individual is considered an employer. The test uses factors such as the following: "(1) whether the individual has actual authority to hire and fire employees; (2) whether the individual supervises and controls employee work schedules and conditions of

employment; (3) whether the individual determines the rate and method of payment; and (4) whether the individual maintains employment records." (Doc. 23, p. 6). Defendants admit that Saadi's authority at New Café mirrors these factors, but argue that Saadi is "not a manager who only manages." Instead, defendants argue that Saadi "wears two hats" in that he is not only an employer, but is the sole bartender at New Café and frequently waits tables, delivers drinks and busses tables. In the latter capacity, defendants argue that Saadi acts as an employee who customarily and regularly receives tips and is therefore entitled to participate in the tip pool.

Whether an individual can qualify as both an employer and a tipped employee under the FLSA is a question of first impression in the Third Circuit. However, this issue has been examined by courts outside of the Third Circuit. *See Gionfriddo v. Jason Zink, LLC*, 769 F.Supp.2d 880, 894 (D.Md. 2011) (employer-owner could not share in employee tip pool under FLSA regardless of the extent of his bartending services). *See also Chung v. New Silver Palace Restaurant, Inc.*, 246 F.Supp.2d 220, 229 (S.D.N.Y. 2002) (rejecting argument by defendants that, because employers also performed services that could be the subject of tipping, their participation in the tip pool did not violate the FLSA)*.*

In *Gionfriddo*, the District Court for the District of Maryland addressed the question of whether the FLSA expressly prohibits an owner-employer, who also acts in the capacity of an employee, from participating in employee tip pools. 769 F.Supp.2d at 884. The court noted that this was "an issue of first impression in [the] District and in the Fourth Circuit" but "follow[ed] the clear weight of authority and h[eld] that an owner-employer may not participate in [ ] tip pools." *Id.* The court analyzed whether defendant Jason Zink, who owned two taverns but also served as a bartender at those taverns, could participate in the tip pools. *Id.* Mr. Zink possessed "management authority and generally supervise[d] and control[led] both" taverns. *Id.* The court noted that the tips Mr. Zink received appeared to be his primary mode of compensation. *Id.* In analyzing plaintiffs' FLSA claim, the court found that "it would be anathema to the purposes behind the FLSA to simultaneously allow [Mr. Zink] to take tips from a collective tip pool that was set up to allow him to pay his employees at a rate substantially below the minimum wage." *Id.* at 894.

The instant action is directly analogous to *Gionfriddo*. Here, Saadi is the manager of the LLC that owns New Café. He possesses management authority and is in charge of supervising employees at New Café. Like Mr. Zink, Saadi also works as a bartender at New Café. Similarly, Saadi has

provided that his main form of compensation is the tips he receives from participating in the tip pool.

While Saadi testified that he is not aware of what a tip credit is, it is clear that he utilizes one at New Café. (Doc. 27, p. 6). Plaintiff alleges that she received an hourly wage of $3.00, while defendants claim that her compensation was between $18 to $20 per hour. Defendants arrive at this figure by considering the tips plaintiff receives in addition to her hourly wage. An hourly wage of $3.00 is below the minimum wage of $7.25 per hour and the fact that defendants depend on plaintiff's tips of at least $4.25 per hour in order for plaintiff's wages to reach the minimum wage is exactly what a tip credit allows. The use of a tip credit is not illegal, in fact the FLSA explicitly allows for such a scheme. The FLSA actually will not allow an employer to use a tip credit for every employee "unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee." 29 U.S.C. §203(m)(2)(A). The subsection referred to in the quoted portion of the act is the subsection of the FLSA that explains how a tip credit functions and allows employers to use such a scheme. The FLSA does allow the "pooling of tips among employees who customarily and regularly receive tips." *Id.*

In this case, defendants reap the benefits of the use of a tip credit because they are only responsible for the payment of $3.00 per hour, the other $4.25 per hour is made up of plaintiff's tips. Like the court's reasoning in *Gionfriddo*, this court finds that it would be contrary to the purposes of the FLSA to allow Saadi, an employer, to take any portion of a tip pool while simultaneously allowing him to take a tip credit. Saadi gets the benefit of taking a tip credit, which allows him to pay his employees an hourly wage below the minimum wage, and it is the use of a tip pool that makes this benefit possible.

Further support for the court's reasoning is found explicitly in the FLSA. Section 203 states: "[a]n employer may not keep tips received by its employees for any purposes, including allowing a manager or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. §203(m)(2)(B). This subsection of the FLSA expresses Congress' unambiguous intent that an employer or manager may not receive a portion of tips received by employees.

In light of the foregoing, the court finds that Saadi's participation in the tip pool was a violation of the FLSA and MWA[1] and will grant partial summary

---

[1] The Pennsylvania MWA parallels the FLSA and, as such, the court applies the same standards in considering claims brought under the Acts.
*(footnote continued on next page)*

- 12 -

judgment to this extent. However, the court's finding is only with regard to liability. As to damages, there is a question as to whether the defendants' violation was willful. The plaintiff has presented deposition testimony indicating that Elizabeth Williams sent Saadi a text message informing him that Pennsylvania law provides that he was not to receive a portion of the tips. Defendants argue that Ms. Williams claimed but did not establish that the taking of tips was illegal and that Saadi continued to take the tips with the understanding that he was allowed to do so in his capacity as a bartender. Given the evidence, there is a question of fact as to the willfulness of the violation which impacts the question of damages under the FSLA which is best left for trial. As such, the court has included in the order further proceedings appropriate to this case. For the reasons stated, the plaintiff's motion for partial summary judgment will be **GRANTED IN PART AND DENIED IN PART**.

---

*See Jochim v. Jean Madeline Educ. Ctr. of Cosmetology, Inc.*, 2014 WL 12606156, at *4 (E.D. Pa. July 30, 2014) (citing *Baum v. Astrazeneca LP*, 372 Fed.App'x 246, 248-49 (3d Cir. 2010); *Alers v. City of Philadelphia*, 919 F.Supp.2d 528, 560 (E.D.Pa. 2013)).

### b. Defendants' Motion for Partial Summary Judgment

Defendants filed a motion for partial summary judgment seeking judgment in their favor on Count II of the complaint, which alleges retaliation for protesting Saadi's participation in the tip pool at New Café in violation of the FLSA, WPCL, and MWA.

Plaintiff alleges that she was fired in retaliation for complaining about Saadi taking a portion of her tips and therefore her firing was in violation of the FLSA's anti-retaliation provision. Plaintiff made this complaint to a co-worker, who she thinks told Saadi, which resulted in her being fired from her employment at New Café. Defendants argue that plaintiff never engaged in any protected activity and therefore her termination cannot be a violation of the FLSA's anti-retaliation provision.

To succeed on a retaliation claim under the FLSA, a plaintiff must prove that: (1) they engaged in an activity protected by the act; (2) defendants responded with retaliation; and (3) the protected activity was the cause of defendants' retaliation. *Balik v. City of Bayonne*, 567 Fed.App'x. 86, 89 (3d Cir. 2014). The FLSA's anti-retaliation provision states:

> [I]t shall be unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. §215(a)(3). The FLSA's anti-retaliation provision provides that "fil[ing] any complaint" constitutes a protected activity. The United States Supreme Court has clarified the meaning of the phrase "filed any complaint" under the FLSA.

In *Kasten v. Saint-Gobain Performance Plastics Corp.*, the Court considered whether oral complaints fell within the phrase "filed any complaint." 563 U.S. 1, 7 (2011). The Court concluded that oral complaints do fall within the meaning of "filed any complaint." *Id.* at 11. The Court determined what is required for a complaint to be considered sufficient, stating: "the phrase 'filed any complaint' contemplates some degree of formality, certainly to the point where the recipient has been given fair notice that a grievance has been lodged and does, or should, reasonably understand the matter as part of its business concerns." *Id.* at 14.

In 2018, the District Court for the Eastern District of Pennsylvania considered a retaliation claim under the FLSA in light of the Supreme Court's holding in *Kasten*. In summarizing the Supreme Court, the court stated:

> The Supreme Court held that a formal written complaint is not required; rather, an informal oral complaint made by an employee to a supervisor constitutes protected activity within the meaning of the statute. However, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights and a call for their protection. The central holding of *Kasten* is that no

> particular form of complaint is required, as long as a reasonable, objective person would have understood the employee to have put the employer on notice of an assertion of rights.

*Bedolla v. Brandolini*, 2018 WL 2291117, *3 (E.D.Pa. 2018) (internal citations and quotation marks omitted). Considering the Supreme Court's holding in *Kasten,* plaintiff's complaint to a co-worker is insufficient to establish a protected activity. The complaint that plaintiff lodged was with a co-worker, not a supervisor. Plaintiff told her co-worker that she was dissatisfied with Saadi taking a portion of her tips. It is unclear from the record whether the co-worker told Saadi about the complaint, but even taking the facts in a light most favorable to plaintiff as the nonmoving party and inferring that the co-worker did tell Saadi about plaintiff's complaint, under *Kasten* plaintiff still has not engaged in a protected activity.

Plaintiff alleges that she stated that she was dissatisfied with Saadi taking a portion of her tips; however, this complaint is not enough that a "reasonable, objective person would have understood the employee to have put the employer on notice of an assertion of rights." *Id.* Plaintiff never asserted her belief that such action was illegal and never mentioned the FLSA or any other act under which she would assert her rights. The Supreme Court noted that a complaint must be "sufficiently clear and detailed." *Id.* Plaintiff's complaint to her co-worker was not sufficiently clear or detailed.

Essentially, all plaintiff told her co-worker was that she was dissatisfied with a working condition. Such a complaint would not serve as notice to an employer that an individual was asserting rights under the FLSA. Therefore, plaintiff's complaint does not qualify as a protected activity. Because plaintiff has not engaged in a protected activity, her retaliation claim fails as a matter of law. For the reasons stated, defendants' motion for partial summary judgement will be **GRANTED**.

## V. CONCLUSION

For the reasons set forth above, plaintiff's motion for partial summary judgment **(Doc. 11)** will be **GRANTED IN PART AND DENIED IN PART** and defendants' motion for partial summary judgment **(Doc. 14)** will be **GRANTED**. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 17, 2020**
18-1811-01