## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**KATHERINE WHITED,** : 

        **Plaintiff** :    **CIVIL ACTION NO. 3:18-1811**

    **v.** :        **(JUDGE MANNION)**

**THE NEW CAFÉ AT** :
**GREYSTONE GARDENS and**
**DOMINIC SAADI,** :

       **Defendants** : 

## <u>MEMORANDUM</u>

Before the court is the issue of whether the plaintiff is entitled to liquidated damages in this case brought under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("MWA"). By memorandum and order dated March 17, 2020, the court found that, as an employer, defendant Saadi's participation in a tip pool was a violation of the FLSA and MWA. (Doc. 28, Doc. 29). The issue of damages was set for trial. After trial, a jury awarded compensatory damages to the plaintiff in an amount of $10,000. In rendering their verdict, the jury made a specific finding that the defendants knew of or showed a reckless disregard for their violations of the FLSA and MWA. In other words, the jury found the defendants' conduct was willful. The court directed the parties to file briefing

on the issue of liquidated damages. The plaintiff filed her brief on October 17, 2021 (Doc. 70) and the defendants filed theirs on October 21, 2021 (Doc. 71). Upon review, the court will award the plaintiff liquidated damages.

Title 29 U.S.C. §216(b) provides, in relevant part:

> An employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

"The liquidated damages provision amounts to a Congressional recognition that failure to pay the statutory minimum and overtime wages may be so detrimental to the maintenance of the minimum standard of living 'necessary for health, efficiency and general well-being of workers' that double payment must be made to compensate employees for losses they might suffer by not receiving their lawful pay when it was due." *Brooks v. Vill. of Ridgefield Park*, 185 F.3d 130, 137 (3d Cir. 1999) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945); *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907 (3d Cir.1991)).

However, Congress subsequently enacted Section 260 of the Portal-to-Portal Act, which lessens the severity of the liquidated damages provision. This section allows the district court in its sound discretion to withhold or reduce the amount of liquidated damages.

- 2 -

Title 29 U.S.C. §260 provides, in relevant part:

> In any action . . . to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages under the Fair Labor Standards Act of 1938 . . . if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of the Act.

> The *good faith requirement is a subjective one* that "requires that the employer have an honest intention to ascertain and follow the dictates of the Act." . . . The *reasonableness requirement imposes an objective standard* by which to judge the employer's conduct . . . Ignorance alone will not exonerate the employer under the objective reasonableness test . . .

> If the employer fails to come forward with plain and substantial evidence to satisfy the good faith and reasonableness requirements, the district court is without discretion to deny liquidated damages.

*Brooks*, 185 F.3d at 137 (quoting *Martin,* 940 F.2d at 907-08 (citation omitted))(emphasis in original).

While the subjective requirement necessitates that the court must find the employer had an honest intention to ascertain and follow the dictates of the FLSA, for the objective requirement, "the employer must act 'as a reasonably prudent man would have acted under the same circumstances.'" *Id.* (citations omitted). Given this, an employer's ignorance alone is not sufficient in meeting the objective test.

- 3 -

"To prove good faith, an employer must show that it took affirmative steps to ascertain the FLSA's requirements but violated the provisions anyway." *Walsh v. Fusion Japanese Steakhouse, Inc.*, 2021 WL 2917795, at *12 (W.D. Pa. July 12, 2021) (citing 48B Am.Jur.2d Labor and Labor Relations §3393 Standards for court's discretion in awarding liquidated damages (2021); *Souryavong v. Lackawanna Cty.*, 872 F.3d 122, 125 (3d Cir. 2017)).

Here, the defendants raise a number of arguments in support of their position that they acted in good faith and, as such, the plaintiff is not entitled to liquidated damages. Defendants argue that they acted in good faith because defendant Saadi was present at all times when the restaurant was open, acted as the restaurant's host and bartender and served and bussed customers at the bar and at the restaurant tables. Moreover, the defendants argue that they acted in good faith because the practice of a working employer participating in a tip pool was common in other area restaurants. The defendants argue that they acted in good faith because, despite Mr. Saadi participating in the tip pool, the plaintiff was still well compensated for her work. Finally, the defendants argue that the court should consider that the jury's award of damages may already include a willfulness factor.

- 4 -

The court finds that the defendants' arguments are insufficient to meet their "plain and substantial burden" to show they are entitled to relief from liquidated damages. Initially, the court has found, as a matter of law, that the defendants have violated the FLSA and MWA. The jury has made a specific finding that the defendants' violations were willful. These findings essentially preclude the court from finding the defendants acted in good faith and create strong support for the award of liquidated damages.

> In short, good faith means that the employer attempted to comply and due to mistake or inadvertence failed to do so. A finding of willfulness means there were intentional acts or reckless disregard that is inconsistent with the legal obligation or a lack of care regarding the need to comply and hence the willful actor could not be one who acts in good faith. The jury's finding of willfulness therefore embodies a finding that the defendant, at a minimum, disregarded its known legal duty. Since the Court found that a reasonable jury had sufficient evidence upon which to find a willful violation, the Court cannot find that defendant acted in good faith because to do so would be inconsistent with the jury's conclusion. As such, the jury's finding of wilfulness (sic) necessarily precludes the Court from finding that the defendant acted in good faith.

*Stillman v. Staples, Inc.*, 2009 WL 1437817, at *22 (D.N.J. May 15, 2009).

In addition, nothing presented either at trial or in their briefing shows that defendants took any affirmative steps to ascertain their compliance with the FLSA's requirements. *See Acosta v. Heart II Heart, LLC*, 2019 WL 5197329, at *9 (W.D. Pa. Oct. 15, 2019) (finding defendants' failure to establish they took affirmative steps to assure their practices were in

compliance with the FLSA fatal to their good faith defense on liquidated damages). In fact, the evidence establishes that, even after the instant action was filed, defendant Saadi continued to participate in the tip pool, and there is no indication that he consulted with anyone to determine whether his doing so was in compliance with the FLSA.

Because liquidated damages are mandatory unless the employer shows that it acted in good faith and defendants having failed to show they acted in good faith, the court finds that the plaintiff is entitled to liquidated damages. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 15, 2021**
18-1811-02