UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KATHERINE WHITED,            :

      Plaintiff            :   CIVIL ACTION NO. 3:18-1811

v.                           :          (JUDGE MANNION)

THE NEW CAFÉ AT GREYSTONE    :
GARDENS, *et al.*,

                         :

      Defendants

                         :

**MEMORANDUM**

Pending before the court is the plaintiff's motions to enforce the $20,890.85 judgment entered on the record in this matter (Doc. 86), and for contempt/imprisonment for failure to pay the judgment (Doc. 90). Based upon the court's review of the motions and related materials, both motions will be **DENIED**.

**I. BACKGROUND**

By way of relevant background, after a one-day trial, on October 5, 2021, a jury found in plaintiff's favor and awarded her $10,000.00. (Doc. 60). On November 15, 2021, this Court awarded liquated damages for an additional $10,000.00. (Doc. 78). On January 18, 2022, the Clerk's Office

awarded costs in the amount of $890.85. (Doc. 85). Defendants have not paid the judgment of $20,890.95. (Doc. 86).

On February 27, 2022, the plaintiff filed the first motion before the Court to enforce the total judgment amount of $20,890.85 (Doc. 86), and a brief in support of her motion on March 9, 2022 (Doc. 87). The defendants filed a brief in opposition to the motion to enforce on March 22, 2022.

On June 28, 2022, the plaintiff filed the second motion before the Court for contempt/imprisonment for failure to pay judgment against the defendant (Doc. 90), with a brief in support (Doc. 91). The defendants filed a brief in opposition to the motion for contempt/imprisonment on July 6, 2022. (Doc. 92).

## II. DISCUSSION

### A. Motion to Enforce

In support of her motion, plaintiff relies on Trenton Metro Area Local, et al. v. United States Postal Service, 2008 U.S. Dist. LEXIS 55712, *16 (D.N.J. 2008). That case concerns the enforcement of a prior judgment against the defendants, requiring them to implement the terms of a Pre-Arbitration Settlement Agreement. Id. at *16-17 (enforcing a judgment requiring that the United States Postal Service must reinstate members of

the mail processing clerk craft to work on a type of mail sorting machine). The New Jersey District Court explicitly denied the plaintiff's request for damages and other fees associated with the litigation, rather focusing entirely on enforcing the Court's prior judgment on the Settlement Agreement. Id. at *18. Comparatively, the present judgment is purely concerning a monetary judgment, rather than a non-monetary judgment. (Doc. 86); see id.

Moreover, a motion to enforce pursuant to Rule 70 of the Federal Rules of Civil Procedure traditionally only applies to specific, non-monetary judgments. Fed.R.Civ.P. 70 ("If a judgment directs a party to . . . perform any . . . specific act . . . the court may direct the act to be done"); see e.g., Pri-Har v. Attorney General of U.S., 162 Fed.Appx. 144, 145 (3d Cir. 2006) (concerning the enforcement of a judgment denying the plaintiff an opportunity to make the ICE entertain his application); Government Guarantee Fund of Republic of Finland v. Hyatt Corp., 95 F.3d 291, 308 (3d Cir. 1996) (concerning the enforcement of a judgment regarding real property); Pittsburg Terminal Court v. Baltimore & Ohio Co., 824 F.2d 249 (3d Cir. 1987) (concerning the enforcement of a judgment granting the plaintiff the opportunity to convert debentures into common stock); (Doc. 88).

The proper procedure to obtain enforcement of a money judgment is through obtaining a writ of execution as described by Rule 69 of the Federal Rules of Civil Procedure:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed.R.Civ.P.69(a)(1). Since the plaintiff must proceed by way of the process provided for in Fed.R.Civ.P. 69, rather than that provided for in Fed.R.Civ.P. 70, the plaintiff's motion to enforce the $20,890.85 judgment will be denied without prejudice.

### B. Motion for contempt/imprisonment

As an initial matter, imprisonment for failure to pay a debt is an abolished practice in the United States. See, e.g., Central Virginia Community College v. Katz, 546 U.S. 356 (2006); United States v. Big Crow, 327 F.3d 685 (8th Cir. 2003); 28 U.S.C. §2007(a).

Furthermore, contempt proceedings traditionally are not used for enforcement of money judgments absent a specific order to pay judgment. See Lichtenstein v. Lichtenstein, 425 F.2d 1111, 1113 (3d Cir. 1970) ("Where a contempt of court consists of the refusal to pay a sum of money, specificity and definiteness require at a minimum that a court order subsist which

requires that the contemnor perform the act of payment of a specific sum."); <u>Secretary United States Department of Labor v. Koresko</u>, 726 Fed.Appx. 127, 132 (3d Cir. 2018) (citing <u>Mashak v. Treadwell</u>, 595 F.3d 478, 485 (3d Cir. 2009)) ("A civil contempt order may issue upon a court finding: '(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order'"); <u>Harris v. City of Phila.</u>, 47 F.3d 1342, 1350 (3d Cir. 1995) (holding that the order in question must be "specific and definite" to be enforceable by contempt proceedings).

This Court has previously discussed herein the proper procedure to enforce the underlying judgment against the defendants. For the present purposes, the proper process by which the plaintiff may seek relief is to proceed under Rule 69 of the Federal Rules of Civil Procedure and obtain a writ of execution. Subsequently, she may file for a motion for contempt, seeking appropriate relief, if payment continues to be unavailable. <u>See Gompers v. Buck's Stove & Range Co.</u>, 221 U.S. 418, 441-42 (1911) ("[T]here must be an allegation that in contempt of court the defendant has disobeyed the order, and a prayer that he be attached and punished therefor.").

Should the defendants continue to not pay after a proper enforcement order is entered against them, they may then be subject to contempt proceedings. See Secretary United States Department of Labor, 726 Fed.Appx. at 132-33; see also Secretary of Labor v. Altor Inc., 783 Fed.Appx. 168, 171 (3d Cir. 2019) ("An alleged contemnor may defend against a contempt petition by coming forward with evidence showing that it is unable to comply with the order in question."). At such a point and should the defendants be found guilty of civil contempt, the court will have broad discretion to determine a remedy to bring the defendant into compliance. For example:

> Trial judges have a variety of weapons with which they can [bring a defiant party into compliance]. They may impose an indeterminate period of confinement which may be brought to an end only by the contemnor's ultimate adherence to the court order. Alternatively, the court may levy a fine of a specified amount for past refusal to conform to the injunction, conditioned, however, on the defendant's continued failure to obey. The court may also specify that a disobedient party will be fined a certain amount for each day of non-compliance. Indeed, the methods that may be employed to coerce a recalcitrant party into compliance with an injunction are many and varied.

Latrobe Steel Co. v. United Steelworkers of America, AFL-CIO, 545 F.2d 1336, 1344 (3d Cir. 1976).

Otherwise, the process of securing a writ of execution will ensure that the plaintiff receives the payment within the judgment. See Fed.R.Civ.P. 69; see also Weiss v. Oat, 640 Fed.Appx. 164 (3d Cir. 2016). Therefore, because contempt proceedings at this time are premature, the plaintiff's motion for contempt/imprisonment for failure to pay judgment will be denied.

### III. CONCLUSION

For the reasons stated above, the plaintiff's motion to enforce the money judgment, (Doc. 86), will be **DENIED** without prejudice to plaintiff's filing of a writ of execution in accordance with Rule 69 of the Federal Rules of Civil Procedure and the plaintiff's motion for contempt/imprisonment will be **DENIED** (Doc. 90). An appropriate Order will issue.

*s/ Malachy E. Mannion*
MALACHY E. MANNION
United States District Judge

**DATED: September 27, 2022**
18-1811-03